ELECTIONS: CAMPAIGN CONTRIBUTIONS: Candidates for local office are not precluded by Minn. Stat. § 211A.13 (Supp. 1993) from transferring funds to other candidates for local office.

August 1, 1994

627e
(Cr. Ref. 627g)

Michael O. Freeman
Hennepin County Attorney
C-2000 Government Center
Minneapolis, MN 55487

Dear Mr. Freeman:

In your letter to Attorney General Hubert H. Humprey III, you present substantially the following:

## FACTS

The Minnesota legislature enacted campaign finance reform legislation during the 1993 session. As part of this legislation, Minn. Stat. Chap. 211A was amended to include a new section, codified at Minn. Stat. § 211A.13 (Supp. 1993):

> A candidate for political subdivision office must not accept contributions from the principal campaign committee of a candidate as defined in section 10A.01, subdivision 5. A candidate for political subdivision office must not make contributions to a principal campaign committee. unless the contribution is made from the personal funds of the candidate for political subdivision office.

The first sentence of Section 211A.13 appears to prohibit candidates for political subdivision office from accepting contributions only from Minn. Stat. § 10A.01, subd. 5 candidates' principal campaign committees. However the second sentence does not expressly limit its prohibition to contribution to "principal campaign committee[s]" of any particular class of "candidates."

You then ask substantially the following:

## QUESTION

Is Section 211A.13 intended to limit candidates for local office from contribution to all principal campaign committees or only the principal campaign committees of Chapters 10A candidates?

## OPINION

It is our view that the prohibition of Section 211A.13 is limited to transfers between candidates for political subdivision office and the principal campaign committees of candidates as defined in Minn. Stat. § 10A.01, subd. 5 (1992). According to Minn. Stat. § 645.08, when construing statutes:

> (1) Words and phrases are construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a special meaning, or are defined in this chapter, are construed according to such special meaning of their definition;
>
> . . .
>
> (3) General words are construed to be restricted in their meaning by preceding particular words;

It does not appear that the term "principal campaign committee" has any particular common and approved usage in society at large, or was used by the legislature in section 211A.13 any generic sense. Rather it appears that the term was intended as a term of art whose "special meaning" must be gleaned from other sources. The term is not defined in chapter 211A, except insofar as its use is limited in the first sentence of Section 211A.13 to chapter 10A candidates. Nor is it used in other sections of chapter 211A which deals with candidates for election to local offices.[1] Thus there is no indication that the legislature used the term in any belief that it had particular meaning as applied to local candidates generally. Rather, in virtually all other places in general law[2] where the term is used unambiguously, its meaning is confined to committees for candidates covered by Minn. Stat. ch. 10A.

Minn. Stat. § 10A.19, subd. 1 (Supp. 1993) provides:

> Subdivision 1. No <u>candidate</u> shall accept contributions from any source, other than self, in aggregate in excess of $100 or accept a public subsidy unless the candidate designates and causes to be formed a <u>single principal campaign committee for each office sought</u>. A candidate may not authorize, designate, or

---

1. Sections 211A.01-211A.054 and 211A.07 only, also apply to candidates for congressional office. <u>See</u> Minn. Stat. § 211A.01, subd. 4.

2. As you note, Minn. Stat. ch. 383B does employ the term in several sections. However, that chapter codifies special legislation applicable to Hennepin County. <u>See</u> discussion below.

cause to be formed any other political committee bearing the candidate's name or title or otherwise operating under the direct or indirect control of the candidate. However, a candidate may be involved in the direct or indirect control of a party unit as defined in section 10.275, subdivision 3.

Id. (Emphasis added.)

"Candidate" for purposes of chapter 10A is defined as:

an individual who seeks nomination or election to any statewide or legislative office for which reporting is not required under federal laws. The term candidate shall also include an individual who seeks nomination or election to supreme court, court of appeals, or district court judgeships of the state.

Minn. Stat. § 10A.01, subd. 5 (1992).[3] There appears no comparable requirement or reference to "principal campaign committees" in chapter 211A or other general statutes dealing specifically with local election campaigns.[4] Thus, it appears that, as a general proposition, candidates for local elected offices might or might not choose to utilize a single or principal campaign committee. In such circumstances, we perceive no reason why the legislature would intend to prohibit local candidates from contributing to the campaign of another local candidate only if he or she has established a "principal campaign committee."

We are aware that Minn. Stat. § 383B.045 (1992) require each "candidate" for local offices in Hennepin County to designate a "principal campaign committee." However, that section only applies to local governments within Hennepin County. If the legislature had intended to impose a particular restriction upon candidates for local offices only in Hennepin County, it is much more likely that such restrictions would have been imposed within the context of Minn. Stat. ch. 383B relating to Hennepin County rather than in general law pertaining to all counties.

---

3. See also Minn. Stat. § 290.06, subd. 23 (1992) which provides for refunds of certain contributions to "candidates" who are required, inter alia, to have designated a single or principal campaign committee. Id. par. (b)(3). The definition of "candidate" for that purpose as well is limited to offices defined in chapter 10A. Id. par. (c).

4. The term does appear in section 211B.04 (1992) dealing with disclaimers required on campaign literature of candidates for both state and local offices. However, the reference to disclaimers by principal campaign committees is followed by a form of disclaimer for a person or committee "other than a principal campaign committee."

Thus, it seems most likely that, in prohibiting candidates for local office from contributing funds to a "principal campaign committee," the legislature intended that the terms be given the same meaning as that used in the first sentence of the section.

Acceptance of that meaning will also avoid an inconsistency which would result if the section were read to permit local campaigns to <u>receive</u> contributions from other local candidates' committees, but forbid other local candidates from making the same contribution.[5] This construction is further supported by reading section 211A.13 in conjunction with section 10A.27, subd. 9(c) (Supp. 1993) which was enacted in the same chapter as section 211A.13.[6] That paragraph provides that:

> (c) A candidate or the treasurer of a candidate's principal campaign committee shall not accept a contribution from a candidate for political subdivision office, unless the contribution is from the personal funds of the candidate for political subdivision office. A candidate or the treasurer of a candidate's principal campaign committee shall not make a contribution from the principal campaign committee to a candidate for political subdivision office.

This paragraph would appear intended as the mirror image of section 211A.13; both prohibiting transfers between candidates for local office and the campaigns of candidates for state offices. Note also that in this paragraph, as well as in other provisions of chapter 318, article 2, the term "principal campaign committee" is used only when referring to chapter 10A candidates and not when referring to a "candidate for political subdivision office."

---

5. <u>See</u> Minn. Stat. § 645.17(1) (presumption against absurd result.)

6. <u>See</u> Act of May 20, 1993, ch. 318, art. 2, §§ 28,47, 1993 Minn. Laws pp. 1895, 1902.

For these reasons, it is our opinion that Minn. Stat. § 211A.13 (1992) prohibits transfers of funds between candidates for local office and principal campaign committees of chapter 10A candidates but, does not address transfers between candidates for political subdivision office or their campaign committees.

Best regards,

HUBERT H. HUMPHREY III
Attorney General

KENNETH E. RASCHKE, JR.
Assistant Attorney General

KER:srrascex0